UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN MCAUTHOR MCGEE, | No. 10-56111 |
| Petitioner - Appellee, | D.C. No. 2:05-cv-05077-PSG-OP Central District of California, Los Angeles |
| v. | |
| RICHARD J. KIRKLAND, Warden, | ORDER |
| Respondent - Appellant. | |

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District Judge.[*]

The memorandum filed July 31, 2012 is amended as follows:

On page 2 of the memorandum disposition, replace <We reverse.> with <We reverse and remand for the district court to reach the merits of Petitioner's remaining claims.>.

On page 5 of the memorandum disposition, insert the following sentence before <REVERSED.>: <We remand to the district court for consideration of Petitioner's remaining claims.>.

---

[*] The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

On page 5 of the memorandum disposition, replace <REVERSED> with <REVERSED AND REMANDED>.

With these amendments, the panel has voted unanimously to deny the petition for panel rehearing. Judges Wardlaw and Berzon have voted to deny the petition for rehearing en banc, and Judge Whyte has so recommended.

The full court has been advised of the petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and rehearing en banc, filed August 9, 2012, is DENIED. No further petitions for rehearing will be entertained.

An amended memorandum disposition is filed concurrently with this Order.

FILED

JAN 28 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BRIAN MCAUTHOR MCGEE, | No. 10-56111 |
| Petitioner - Appellee, | D.C. No. 2:05-cv-05077-PSG-OP |
| v. | |
| RICHARD J. KIRKLAND, Warden, | AMENDED MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted March 9, 2012
Pasadena, California

Before: WARDLAW and BERZON, Circuit Judges, and WHYTE, Senior District Judge.[**]

The district court granted Brian McGee's habeas corpus petition on the basis

that the prosecutor at McGee's state court trial impermissibly used peremptory

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald M. Whyte, Senior District Judge for the U.S. District Court for Northern California, sitting by designation.

challenges to remove African-Americans from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). We reverse and remand for the district court to reach the merits of Petitioner's remaining claims.

The California Court of Appeal's denial of McGee's *Batson* claim was not an "unreasonable determination of the facts in light of the evidence" in the record. 28 U.S.C. § 2254(d)(2). Although comparative juror analysis suggests that the state courts may have "had reason to question the prosecutor's credibility," such analysis "does not . . . *compel* the conclusion that the trial court had no permissible alternative but to reject the prosecutor's race-neutral justifications."[1] *Rice v. Collins*, 546 U.S. 333, 341 (2006) (emphasis added).

The district court focused in particular on Jurors 4046 and 9744, holding that their dismissal was impermissibly race-based. It was not unreasonable for the California courts to credit the prosecutor's justifications for challenging these jurors.

---

[1]We reject the state's contention that comparative juror analysis is useful only when the comparison is between an excluded African-American prospective juror and a non-African-American seated juror. Comparative analysis provides the strongest evidence of discrimination, of course, when the record indicates that an excluded black prospective juror was the same as a seated juror in all respects except race. Still, where the prosecutor has offered a justification for striking a particular juror that applies equally to jurors he has not excluded, regardless of the race of the jurors who were not stricken, this comparison nevertheless supports the logical conclusion that the proffered justification was disingenuous.

The prosecutor provided three reasons for excusing Juror 4046 from the jury: (1) her lack of jury experience; (2) her job as a "substitute cafeteria helper," from which the prosecutor inferred she might lack the education and ability to understand fully a complex murder trial; and (3) that she "demonstrated . . . that she was timid, . . . not detail oriented, and potentially unable to contribute to the jury deliberations." These justifications are race-neutral and supported by the record. Although the prosecutor accepted some jurors without previous jury experience, several others without such experience were stricken. Juror 4046's lack of jury experience was connected to the prosecutor's overarching concern—that she might not be able to fulfill effectively the obligations of a juror. It was not unreasonable, therefore, for the California courts to conclude that the prosecutor challenged Juror 4046 based on this race-neutral concern. *See Rice*, 546 U.S. at 339.

The California courts' conclusion that the prosecutor's challenge of Juror 9744 was not based on race was also reasonable. The prosecutor stated that he struck Juror 9744 because of "the large number of [her] relatives [who were] in prison." This is a permissible, race-neutral reason, substantiated by the record. *See United States v. Vaccaro*, 816 F.2d 443, 457 (9th Cir. 1987), *overruled on other grounds by Huddleston v. United States*, 485 U.S. 681 (1988). Although the

-3-

prosecutor accepted some jurors whose relatives had been convicted of crimes, prosecutors often attempt to ensure that juries have few, if any, such individuals. The record indicates that the venire contained a large number of prospective jurors who themselves had criminal convictions or who had relatives with criminal convictions. Juror 9744, excused during the selection of alternate jurors, was the last African-American prospective juror stricken by the prosecutor. It was not unreasonable of the California courts to accept as race-neutral the prosecutor's desire not to add another juror whose relatives had criminal convictions to a jury that already had several such jurors.

Furthermore, five of the seated jurors were African-American. "The fact that African-American jurors remained on the panel 'may be considered indicative of a nondiscriminatory motive.'" *Gonzalez v. Brown*, 585 F.3d 1202, 1210 (9th Cir. 2009) (quoting *Turner v. Marshall*, 121 F.3d 1248, 1254 (9th Cir. 1997)). In addition, the prosecutor twice accepted the jury while it contained some of the jurors who were eventually excused, further undermining any inference of racial discrimination. *See Yee v. Duncan*, 463 F.3d 893, 901 (9th Cir. 2006).

Moreover, although the precise racial composition of the venire is not in the record, the record strongly suggests that the venire contained a large number of African-American prospective jurors. Therefore, it is unsurprising that a large

-4-

percentage of the excused jurors were African-American, diminishing any inference of racial motivation that may ordinarily be drawn from that circumstance.

Because the California Court of Appeal was not unreasonable in rejecting McGee's *Batson* challenge, we must uphold its decision and REVERSE that of the district court. We remand to the district court for consideration of Petitioner's remaining claims.

REVERSED AND REMANDED.